United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **MIT Federal Credit Union,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 19-11297-NMG |
| **Michael C. Cordisco,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the default of Michael C. Cordisco ("Cordisco" or "defendant") on a line of credit with MIT Federal Credit Union ("MIT" or "plaintiff"). MIT maintains that Cordisco breached an agreement between the parties by failing to make timely payments on a loan and would be unjustly enriched if he is not required to repay MIT. Pending before the Court are defendant's motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for improper venue pursuant to Fed. R. Civ. P(b)(3).

### I. Background

MIT is a federal credit union with its principal place of business in Massachusetts. Cordisco is a citizen of Connecticut. On December 3, 2014, Cordisco executed a Graduate Private Education Line of Credit Agreement with MIT in the

principal amount of $195,000 ("the Agreement").  The terms of the Agreement require Cordisco to "pay the Credit Union all advances, interest and other amounts due."  It identifies events of default which include the failure "to make any payment when due".

The Agreement also contains an arbitration clause which states:

> Unless otherwise stated in this Note, any Dispute between the parties shall be resolved by a neutral, binding arbitration, and not by a court of law. . . .I agree that you may bring a dispute regarding collections in a court.

and a caveat that,

> THE PROVISIONS OF THIS NOTE WILL BE GOVERNED BY FEDERAL LAWS AND THE LAW OF THE STATE OF WHERE LENDER'S PRINCIPAL PLACE OF BUSINESS IS, WITHOUT REGARD TO CONFLICT OF LAW RULES.

Cordisco failed to make required payments and defaulted on the loan.  In May, 2019, Rosen Legal, LLC sent Cordisco a letter advising him that it had been retained by MIT with respect to the delinquency.  The letter demanded a minimum payment and stated that MIT intended to file suit if no attempt was made to cure the default.

In June, 2019, MIT filed a complaint in this Court alleging that as a result of the default Cordisco owed to MIT the sum of $185,459.73, plus interest, costs and attorneys' fees.

In April, 2020, defendant filed motions to dismiss pursuant to (1) Fed. R. Civ. P. 12(b)(6) on the grounds that MIT lacks

standing to pursue the debt and (2) Fed. R. Civ. P. 12(b)(3) on the grounds of improper venue under the arbitration clause.

## II. Motion to Dismiss

### A. Fed. R. Civ. P. 12(b)(6)

#### 1. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to

judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

### 2. Application

Cordisco asserts that plaintiff lacks standing to pursue the debt under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Massachusetts Fair Debt Collection Practices Act, M.G.L. c.93 § 49, because he contends that MIT subsequently assigned the debt to two collections agencies.

MIT responds that (1) it did not assign the debt and (2) Cordisco's defense depends upon proof of facts outside the four corners of the complaint and thus beyond the court's reach when evaluating a complaint challenged by a 12(b)(6) motion.

For dismissal to be warranted on the basis of an affirmative defense, the facts necessary to it must be clear "on the face of the plaintiff's pleadings." Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)(quoting Aldahonda-Rivera v. Parke Davis & Co., 882 F.2d 590, 591 (1st Cir. 1989).  A review of the complaint, together with other documents appropriately considered under Fed. R. Civ. P. 12(b)(6), must "leave no doubt" that the plaintiff's action is barred by the asserted defense.  Id. (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)).

The facts alleged with respect to defendant's affirmative defense are not clear on the face of the pleadings. Nothing in the complaint or exhibits indicates that MIT lacks the authority to collect the debt or assigned it to another entity. The facts as set forth in the complaint, and taken as true for the purpose of a motion to dismiss, connote that (1) there is a line of credit agreement between the parties, (2) defendant breached it by failing to make timely payments and (3) he owes MIT $185,459.73. Cordisco's motion to dismiss will therefore be denied.

### B. Scope of the Arbitration Clause

#### 1. Legal Standard

Determining whether a particular dispute falls within the scope of an arbitration clause implicates both state contract law and federal arbitration law. First Allmerica Fin. Life Ins. Co. v. Minnesota Life Ins. Co., 188 F.Supp.2d 101, 104 (D. Mass. 2002); see Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 170 F.3d 1, 19 (1st Cir. 1999). Because the parties' contract contains a choice of law provision that the Agreement is to be governed by the law of the state in which the Lender maintains its principal place of business (in this case, Massachusetts), the Court applies standard principles of Massachusetts contract law as well as federal arbitration law in

resolving the dispute. See First Allmerica, 188 F.Supp.2d at 104.

### 2. Application

Both parties acknowledge that the Agreement contains an arbitration clause but disagree with respect to its scope. Cordisco maintains that it "require[es] arbitration of any claims between the parties and resolution of all disputes." MIT rejoins that the defendant specifically agreed that a collections dispute could be resolved in court.

The Federal Arbitration Act does not require parties to arbitrate when they have not agreed to do so, nor does it prevent parties who have agreed to arbitrate from excluding certain claims from the scope of their agreement. Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989). In Massachusetts, if a contract is unambiguous, it must be enforced according to its plain terms. Salls v. Dig. Fed. Credit Union, 349 F.Supp.3d 81, 86 (D. Mass 2018).

As clearly set forth in their Agreement, the parties consented to exclude collection disputes from its scope. The Agreement, by its plain and unambiguous terms, permits litigation to resolve such disputes. It states that MIT "may bring a dispute regarding collections in a court." If MIT's sole remedy were arbitration, as the defendant claims, the

-6-

exception would be meaningless.  It is settled law in all jurisdictions, however, that courts should interpret a contract to give meaning to all of its provisions.  See First Allmerica, 188 F.Supp.2d at 104-05.  In sum, MIT can properly bring its claim in this Court.  Cordisco's motion to dismiss for improper venue will therefore be denied.

## ORDER

For the foregoing reasons, defendant's motions to dismiss for failure to state a claim (Docket No. 23) and for improper venue (Docket No. 24) are **DENIED**.

**So ordered.**

/s/Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 2, 2020