```
                  United States District Court
                    District of Massachusetts
 _____
                                )
MIT Federal Credit Union,       )
                                )
        Plaintiff,              )
                                )
        v.                      )
                                )    Civil Action No.
Michael C. Cordisco             )    19-11297-NMG
                                )
        Defendant.              )
                                )
 _____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the default of Michael C. Cordisco ("Cordisco" or "defendant") on a line of credit with MIT Federal Credit Union ("the Credit Union" or "plaintiff"). The Credit Union maintains that Cordisco breached an agreement between the parties by failing to make timely payments on a loan and would be unjustly enriched if he were not required to repay the Credit Union. Pending before the Court is plaintiff's motion, in essence, to resolve this case by way of a bench trial rather than a jury trial.

**I. Background**

The Credit Union has its principal place of business in Massachusetts and Cordisco is a citizen of Connecticut. On December 3, 2014, Cordisco executed a Graduate Private Education

Line of Credit Agreement with the Credit Union in the principal amount of $195,000 ("the Agreement").

The terms of the Agreement require Cordisco to "pay the Credit Union all advances, interest and other amounts due." It identifies events of default which include the failure "to make any payment when due." The Credit Union alleges that Cordisco failed to make required payments when due thereby defaulting on the loan. Accordingly, in May, 2019, Rosen Legal, LLC sent Cordisco a letter advising him that it had been retained by the Credit Union with respect to his account and demanding a minimum payment. The letter also stated that the Credit Union intended to file suit if no attempt was made to cure the default.

Because there was no such attempt, in June, 2019, the Credit Union filed a complaint in this Court alleging that Cordisco failed to pay the amount owed to it in the sum of approximately $185,500, plus interest, costs and attorneys' fees. Cordisco filed an answer pro se in August, 2019 in which he, in addition to denying the default, waived his right to a jury trial. None of the pleadings of either party made demands for a trial by jury. Yet, pursuant to a scheduling conference held on September 5, 2019, and as noted on the Docket, a jury trial was scheduled after discovery. See Docket No. 13.

In or about March, 2020, Cordisco retained counsel and, soon thereafter, filed two motions to dismiss. This Court

denied both motions in July, 2020, three days after plaintiff had filed a motion for summary judgment (which remains pending, see Docket No. 28).  All of those pleadings were silent as to whether this action was intended to proceed to a trial by jury.

In September, 2020, the parties filed a joint motion to continue the October trial, which they described as a "Jury Trial."  This Court allowed that motion and rescheduled the jury trial for December 14, 2020. See Docket No. 38 ("Jury Trial set for 12/14/2020.").

On October 26, 2020, plaintiff moved to strike the trial by jury and to proceed with a bench trial.  The Credit Union contends that a bench trial is appropriate because neither party has demanded a trial by jury in accordance with Fed. R. Civ. P. 38 and, Cordisco, in his pro se answer, specifically waived any right to a trial by jury.  It adds that "a litigant cannot waive a trial by jury and then later seek to reinstate [that] waived right."  Plaintiff concludes that, pursuant to Rule 38, if neither party timely demands a jury trial, the case must proceed as a bench trial.

Defendant rejoins that, although he failed to demand a jury trial in a timely fashion, that was only because he was proceeding pro se and the case ought to proceed by jury trial because the Credit Union did not object to such a trial for over one year.  Moreover, defendant now declines to consent to

proceed by bench trial.  Cordisco repeats that position in a joint status report filed by the parties on November 3, 2020.

## II. Plaintiff's Motion "to Strike Trial by Jury and to Proceed as a Bench Trial" (Docket No. 45)

The Seventh Amendment to the United States Constitution guarantees parties the right to try cases before a jury in actions at law, such as the case at bar. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 477 (1962) ("As an action on a debt allegedly due under a contract, it would be difficult to conceive of an action of a more traditionally legal character" and, thus, within the protection of the Seventh Amendment).

Federal Rules of Civil Procedure 38 and 39 set forth the procedure a litigant must follow to preserve that right.  Rule 38(b) provides that, "on any issue triable of right by a jury," a party must file a jury demand in a pleading within 14 days after the last pleading directed to the issue is served.  A litigant waives his or her right to a jury trial unless he or she files a demand pursuant to Rule 38 or reasonably relies on the properly filed jury demand of another party. Fed. R. Civ. P. 38(d); In re N-500L Cases, 691 F.2d 15, 22, 24 (1st Cir. 1982) (recognizing a reliance exception).

That said, the right to a trial by jury is "constitutionally protected and casual waivers are not to be presumed." CoxCom, Inc. v. Chaffee, 536 F.3d 101, 110 (1st Cir.

2008).  Pursuant to Rule 39(b), therefore, even if no jury demand has been timely filed, the district court has wide discretion to order a trial by jury on the motion of either party. Ramirez-Suarez v. Foot Locker Inc., 609 F. Supp. 2d 181, 184-85 (D.P.R. 2009).  Such a motion, according to the First Circuit Court of Appeals, need not follow precise formalities but, instead,

> may be animated by any cognizable affirmation of one party's intent to avail himself of a jury trial.

Moores v. Greenberg, 834 F.2d 1105, 1108 (1st Cir. 1987) ("The language and history of [Rule 39] indicate that the [motion] requirement was inserted by draftsmen simply as a means of preventing the district court from ordering jury intervention sua sponte when the parties were unanimous in their preference for a bench trial." (emphasis added)).  The First Circuit in Moores v. Greenberg, for instance, accepted as a Rule 39(b) motion an informal letter sent by plaintiff to the Court requesting a trial by jury. Id.

In determining whether to allow a Rule 39(b) motion, the district court should consider several factors, including whether 1) the issues in the case are appropriately tried to a jury, 2) imposing a trial by jury would prejudice the adverse party, 3) a change in the prospective form of trial would disrupt the schedules of a party or the court and 4) the extent

of the tardiness of the movant in demanding a jury trial is justified. T G Plastics Trading CO., Inc. v. Toray Plastics (America), Inc., 775 F.3d 31, 36 (1st Cir. 2014) (quoting Parrot v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983)).

Here, although neither party filed a timely jury demand pursuant to Rule 38(b) or a Rule 39(b) motion, several pleadings can be construed as Rule 39(b) motions: 1) the joint motion of the parties seeking to continue the pre-trial conference and the "Jury Trial," 2) the opposition of defendant to plaintiff's pending motion to strike jury trial and 3) the joint status report wherein defendant refuses to assent to a bench trial and requests that his Seventh Amendment right to a jury trial be preserved.  As with the letter submitted in Moores, such pleadings represent a cognizable affirmation of defendant's intent to avail himself of a jury trial and ensures that, in scheduling this case for a trial by jury, the Court had not acted sua sponte against the "unanimous . . . preference for a bench trial." See Moores, 834 F.2d at 1108.

Plaintiff's contention that "a litigant cannot waive a trial by jury and then later seek to reinstate [that] waived right" is unavailing.  Plaintiff cites Musick v. Norton, 215 F. Supp. 2d 171 (D.D.C. 2002) to support its argument but that case 1) announced no such bright-line rule and 2) is inapposite to the case at bar.  The Musick court, instead, applied a balancing

- 6 -

test in deciding not to reinstate the plaintiff's jury demand because, unlike the defendant in this action, she had initially made a jury demand, subsequently waived that right in open court after conferring with counsel and, one year later, shortly before trial, sought to reinstate her jury demand because "her case would be better tried to a jury." Id. at 173; see also Federal Deposit Ins. Corp. v. Cafritz, 770 F. Supp. 28, 30 (D.D.C. 1991) ("Parties may knowingly and intentionally waive the right to a trial by jury, and then, in light of changed circumstances, ask the Court to reinstate a jury trial.").

Furthermore, the factors to be considered, as enumerated above, warrant the reinstatement of defendant's right to proceed by jury trial for the following reasons:

> 1) the dispute concerns whether defendant defaulted on a loan and owes plaintiff about $185,500, "an action of a . . . traditionally legal character." Dairy Queen, Inc., 369 U.S. at 477;
>
> 2) because this action has been categorized as a jury trial for over a year, plaintiff will not be materially prejudiced by a trial by jury (indeed, any trial preparation of plaintiff during the past year has presumably anticipated a jury trial);
>
> 3) a jury trial will not disrupt the schedules of either party or this Court; and
>
> 4) the Scheduling Order entered by this Court in September, 2019 and every amendment thereto has anticipated a jury trial.

With respect to the timing of the Rule 39(b) motion, although defendant waited for more than a year after checking

"no" to a jury trial on the pro se form answer to the complaint before changing his mind, the Court finds the delay in this case excusable.  Defendant began this case pro se and, by the time he retained counsel, it had been scheduled for a jury trial.  It was reasonable, therefore, that defendant (and his counsel) relied on that categorization and believed that any subsequent demand for a jury trial would be unnecessary. Cf. In re N-500L, 691 F.2d at 22 ("Where one party has made a [jury] demand, others are entitled to rely on the demand . . . when a second demand would, in fact, be superfluous." (internal citations and quotation marks omitted)).  Accordingly, the Court will deny plaintiff's motion to strike trial by jury and proceed as a bench trial.

### ORDER

For the foregoing reasons, plaintiff's motion to strike trial by jury and proceed as a bench trial (Docket No. 45) is **DENIED**.

**So ordered.**

\s\ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 20, 2020