```
                    United States District Court
                     District of Massachusetts
  _____
                                     )
  MIT Federal Credit Union,          )
                                     )
          Plaintiff,                 )
                                     )
          v.                         )
                                     )   Civil Action No.
  Michael C. Cordisco                )   19-11297-NMG
                                     )
          Defendant.                 )
                                     )
                                     )
  _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the default of Michael C. Cordisco ("Cordisco" or "defendant") on a line of credit issued by MIT Federal Credit Union ("the Credit Union" or "plaintiff"). On December 10, 2020, this Court entered a Memorandum and Order ("the December Order") allowing plaintiff's motion for summary judgment and denying its motion for attorney fees without prejudice. The next day, plaintiff filed a renewed motion for attorneys' fees (Docket No. 62) which is pending before this Court.

**I.    Background**

At this stage of this litigation, both the parties and the Court are well acquainted with the facts. For the purposes of

- 1 -

completeness, however, the Court provides an abbreviated summary.

On December 3, 2014, Cordisco executed a Graduate Private Education Line of Credit Agreement ("the Agreement") with the Credit Union in the principal amount of $195,000 ("the loan"). Cordisco subsequently defaulted on the loan by failing to pay the amounts due and owing and has not cured the default. Accordingly, in June, 2019, the Credit Union brought this action against Cordisco seeking to recover the amount owed to it under the loan, plus interest, costs and attorneys' fees.

Rather than curing his default, Cordisco filed two motions to dismiss which were denied. The Credit Union subsequently filed a motion for summary judgment to which defendant filed a vigorous opposition and demand for a trial by jury. Throughout, defendant contended that the Credit Union lacked standing to bring this action because it had transferred its ownership interest in the debt to third-party debt collectors.

In the December Order, this Court found that the Credit Union had retained those third parties merely to collect the debt on its behalf and that it had maintained ownership over the debt. This Court granted summary judgment in favor of the

Credit Union but denied without prejudice its motion for attorneys' fees as ambiguous and unsubstantiated.

The Credit Union now, in a renewed motion, seeks to recover $32,000 in attorneys' fees in accordance with the Agreement which provides that,

> if [Cordisco is] in default under the terms of this Agreement, [he] agree[s] to pay the Credit Union's costs in enforcing this Agreement . . . [including] reasonable attorneys' fees.

Plaintiff contends that its original counsel ("predecessor counsel"), who had worked on the case up through the summary judgment motion, incurred fees of approximately $16,000 and current counsel, who entered an appearance thereafter, has incurred fees of approximately the same.

## II. Discussion

### A. Legal Standard

To calculate reasonable attorneys' fees, courts in this Circuit generally employ the lodestar method. See, e.g., Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011). That method begins with a calculation of total hours worked, which is derived from authenticated billing records, reduced by any hours that are duplicative, unproductive or excessive. Gay Officers Action League v. Puerto Rico, 247 F.3d

288, 295-96 (1st Cir. 2001). The total hours worked is then multiplied by a reasonable hourly rate. Hutchinson, 636 F.3d at 13.

After calculating the initial lodestar figure, the Court has the discretion to adjust that figure upwards or downwards to achieve an equitable result. See Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336, 340 (1st Cir. 2008); AccuSoft Corp. v. Palo, 237 F.3d 31, 61 (1st Cir. 2001) (noting that courts have the ability to "adjust or even deny a contractual award of fees if such an award would be inequitable or unreasonable" (internal citation omitted)).

**B. Application**

Although the Credit Union submits that its request for approximately $32,000 in attorneys' fees is reasonable and reflects the true value of the necessary work, the Court finds that amount to be excessive and will reduce the fee accordingly. First, the Court finds that some of the hours submitted by plaintiff's counsel represent unproductive and duplicative time. Specifically, there is some overlap in the hours worked by current counsel, who entered his appearance in this case more than one year after it was filed, and his predecessor counsel. Indeed, the hours submitted by current counsel include time

- 4 -

spent initially reviewing the record and communicating with predecessor counsel.  Such an overlap warrants a reduction in the requested award.

Second, as stated in the December Order, at least some of plaintiff's fees were incurred to respond to defendant's ostensible concern about who owned the debt.  Furthermore, the record makes clear that defendant has suffered financial hardship which caused him to default on the loan in the first place.  Accordingly, in order to achieve a more equitable result, the Court will, in an exercise of its discretion, reduce the Credit Union's fees by approximately 25% and award it $24,000.

## ORDER

For the foregoing reasons, plaintiff's motion for attorneys' fees (Docket No. 62) is **ALLOWED**, in part, and **DENIED**, in part.  Plaintiff is awarded attorneys' fees of $24,000.

**So ordered.**

\s\ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 20, 2021